IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD J. COCHRAN,                         )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )    C.A. No. 25-1075-MN-LDH
                                           )
DEPARTMENT OF CORRECTIONS,                 )                          FILED
et al.,                                    )
                                           )                    JUL 1 5 2026
            Defendants.                    )

U.S. DISTRICT COURT DISTRICT OF DELAWARE

**REPORT AND RECOMMENDATION**

Plaintiff Ronald J. Cochran ("Plaintiff"), an inmate at James T. Vaughn Correctional Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). For the reasons set forth below, the Court recommends that the claims against the Delaware Department of Corrections ("DDOC") be dismissed with prejudice and the other claims against Scott Ceresini ("Ceresini"), Brian Emig ("Emig"), Robert May ("May"), Centurion Medical Provider ("Centurion"), and Nwga Williams ("Williams") be dismissed without prejudice.

I.    **BACKGROUND**

Plaintiff, who was shot numerous times during his arrest and treated for his wounds at a hospital, alleges that medical staff at JTVCC have refused to allow him to have surgery to remove the bullet fragments remaining in his arm. (D.I. 3 at 6). The Complaint asserts claims under 42 U.S.C. § 1983 for "medical negligence, improper medical care, lack of proper medical care, deliberate indifference, [and] cruel and unusual punishment[]" arising from Defendants' denial of surgery for his injuries. (*Id.* at 7–8). According to the Complaint, JTVCC staff knew Plaintiff was a candidate for surgery but ignored his doctors' recommendations. As a result, Plaintiff

1

maintains, he endured a "high degree of pain, discomfort[,] and suffering" and "fil[ed] multiple sick call slips." (*Id.*). The Complaint names DDOC, Ceresini, Emig, May, Centurion, and Williams as defendants. (*Id.* at 3–5). Plaintiff seeks to recover compensatory and punitive damages "per claim, per defendant" by way of this action. (*Id.* at 11).

## II.    LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); see also 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A

2

complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

I recommend that the Complaint be dismissed for failing to state a claim and for naming a Defendant that is immune from suit.

First, claims against DDOC will be dismissed because DDOC is immune from suit. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Jones v. Att'y Gen. of Del.*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam). In addition, the State of Delaware has not consented to suit, so its agency, DDOC, cannot be named as a defendant in this case. *Robinson v. Danberg*, 729 F. Supp. 2d 666, 675 (D. Del. 2010) (noting that Delaware's sovereign immunity extends to DDOC). Amendment is futile, so I recommend that the dismissal of DDOC be with prejudice.

3

Second, Plaintiff does not state a claim against Defendants Ceresini, Emig, and May because he does not allege personal involvement. A "defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal quotation marks omitted). To the extent Plaintiff seeks to hold Ceresini, Emig, and May liable due to their supervisory roles at JTVCC or another correctional institution, "Section 1983 will not support a claim based on a *respondeat superior* theory of liability" alone. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). And, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Thus, I recommend dismissing Plaintiff's Complaint against Ceresini, Emig, and May without prejudice, and with leave to amend.

Similarly, Plaintiff does not state a claim against Centurion. When a plaintiff relies upon a theory of *respondeat superior* to hold a corporation liable (rather than its employees or agents themselves), he must allege a policy or custom that demonstrates such deliberate indifference. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). To establish that Centurion is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Centurion] policy or custom, and that the policy caused the constitutional violation[s] [Plaintiff] allege[s]." *Id.* at 583–84. The Complaint does not refer to any policy or custom of Centurion and does not set forth any constitutional violations allegedly caused thereby. Accordingly, I recommend dismissing without prejudice claims against Centurion.

4

Finally, Plaintiff does not state a claim against Williams. To assert an Eighth Amendment deliberate indifference claim, Plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference is more than an "inadvertent failure to provide adequate medical care." *Id.* at 105. Instead, it requires "obduracy and wantonness . . . [,] which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citations omitted).

Here, the Complaint contains one conclusory sentence as to Williams' actions: "failing to perform his duties as well as failing to adhere to the request of outside notice concerning required surgery.". (D.I. 3 at 8–9). "Allegations of participation and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather than plead what Williams specifically did to ignore Plaintiff's grievances and assertions that he needed follow-up surgery, Plaintiff maintains that Williams, and the entire medical staff of JTVCC were "put on full notice via having assess [sic] to his medical records as well as verbal and written notice." (D.I. 3 at 8). To the extent Plaintiff asserts Williams was negligent in administering Plaintiff's care, negligence and malpractice do not constitute Eighth Amendment violations. *See Estelle*, 429 U.S. at 105–06. To the extent Plaintiff asserts Williams disagreed with other of Plaintiff's treating physicians with respect to whether Plaintiff needed surgery, mere disagreement regarding the appropriate course of treatment or medication does not violate the Eighth Amendment. *See Monmouth Cty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d. Cir. 1987). Thus, Plaintiff has not pleaded a claim against Williams. Accordingly, I recommend dismissal of the claims against Williams without prejudice.

5

## IV.  CONCLUSION

For the foregoing reasons, I recommend that the Complaint (D.I. 3) be dismissed with prejudice as to DDOC, and without prejudice as to all other defendants,[1] and that Plaintiff be given thirty (30) days from the date the District Court adopts this this Report and Recommendation to file an amended pleading.

Objections to this Report and Recommendation may be filed within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to seven (7) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025). This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages.  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

---

[1]  *See O'Dell v. United States Gov't*, 256 F. App'x 444, 445 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

Dated: July 15, 2026

_____
United States Magistrate Judge

7